IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-08-213M |
| | § | RULE 5 |
| NARAYAN THADANI | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1)  There is probable cause to believe that the defendant has committed an offense

        [ ]    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                () § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    under 18 U.S.C. § 924(c).

    [ ] (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]    C.    Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1) Defendant is accused of conspiracy to commit murder in violation of 18 U.S.C. §§ 1117 and 1958.

    [X] (2)  There is a serious risk that the defendant will flee.

    [X] (3)  Defendant represents a danger to the community.

    [ ] (4)  There is a serious risk that the defendant will obstruct or attempt to obstruct justice, threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

[X]    D.    Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)  As a condition of release of the defendant, bond was set as follows:

    [ ] (2)

    [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [X] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

       I find that the accusations in the complaint, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the

community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a 60 year old naturalized citizen of the United States born in India. He has lived in the United States since 1968, became a citizen in 1988, and has lived in the Houston area for 8 years. He splits his time between residences in Montgomery and Richmond, TX. He denies having any relatives in India. His parents are deceased and he has one brother who lives in Houston. He was married from 1980-88 but has no contact with his ex-wife. He has no children. He has traveled extensively, and last left the United States for a vacation in South America in 2006. Defendant reports receiving a Masters of Science in Civil Engineering from the University of Houston in 1969. He has been retired for seven years, having previously worked as the Director of Public Works for the City of Appleton, Wisconsin, and as a Development Manager for the Monterey County, California Water Resources Agency. He has significant investments and other assets.

2. Defendant's only criminal history is a citation for contempt of court in Conroe, TX in April 2007.

3. Defendant is currently charged with conspiracy to commit murder in violation of 18 U.S.C. §§ 1117 and 1958. He faces a potential penalty of up to life in prison.

4. Evidence at the detention hearing and in the criminal complaint, indicates that Thadani was involved in a contentious civil suit with Aasha and Brij Chhabra involved in excess of one million dollars. Thadani repeatedly asked his landscaper, Douglas Tobar, if he knew anyone that could help Thadani get rid of people in Detroit who were suing him. In early 2008, Tobar introduced Thadani to Miguel Servando. Servando and Nelson Mendoza have been charged with the murder of Aasha and Brij Chhabra on March 11, 2008. Thadani had been in possession of Aasha Chhabra's passport, a copy of which was found in the vehicle at the time of Servando and Mendoza's arrest along with a diagram of the Chhabra's house. Thadani was familiar with the layout of the Chhabra's house. In recorded telephone calls, Thadani advised Tobar to remain calm and offered to pay his legal fees.

5. Although bond is not automatically precluded in murder for hire cases, the weight of the evidence presented by the government is strong. This evidence provides significant incentive for flight, a risk that is magnified by Thadani's substantial resources.

6. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on March 25, 2008.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge